UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOUGLAS N. ADDINGTON and RAINEY DAY ADDINGTON,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:12-cv-00548-MMD-WGC<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 5) |

**I.　SUMMARY**

Before the Court is Defendants Bank of America, N.A. ("BANA"), ReconTrust Company, N.A. ("ReconTrust") and The Bank of New York Mellon Corporation's ("BNY") Motion to Dismiss. (Dkt. no. 5.) The Court held a hearing on the Motion on July 25, 2013. For the reasons set forth below, the Motion is granted in part and denied in part.

**II.　BACKGROUND**

**A.　Factual Background**

On August 5, 2005, Douglas N. Addington and Rainey Day Addington ("Plaintiffs") purchased the property located at 1741 Toltec Circle, Henderson, Nevada ("the Property"). The Promissory Note was executed in the sum of $311,100.00. (Dkt. no. 1-1 at 5.) Plaintiffs state that they made all required payments on the Property through May 1, 2009, when their financial situation changed and Plaintiffs were not able to make their June 1, 2009, payment. (*Id.*) Plaintiffs were served with their first Notice of Default in December 2009 (*id.*), which had been recorded on December 7, 2009 (*id.* at 6).

In response to Plaintiffs' default, the parties attended mediation on June 14, 2010, pursuant to Nevada's Foreclosure Mediation Program, which resulted in an agreement. Plaintiffs allege that the agreement consisted of four terms. They state that Defendants agreed to: (1) prepare and deliver to Plaintiffs a Notice to Vacate the Premises; (2) give Plaintiffs 45 days after the receipt of the Notice and their execution of a Deed in Lieu of Foreclosure to move out of their home; (3) pay Plaintiffs $1,500 through the "Cash for Keys" program that would result in the full and complete satisfaction of Plaintiffs' obligations under the Promissory Note; and (4) record the loan obligation owed to BNY and BANA as fully paid. (Dkt. no. 7 at 7.) Although the terms are not listed in the Mediation Agreement, which is a one-page form that explicitly states that it is not a formal contract (dkt. no. 1-1, Exh. 1), Plaintiffs allege they were agreed to orally. The mediator, Barbara Dunn, prepared and submitted her Mediator's Statement (a two-page form) to the Mediation Administrator on June 18, 2010. (*Id.*) The Mediator's Statement indicates that, "The parties resolved this matter. No further action is required." (*Id.*)

Despite the mediation agreement, on September 17, 2011, Plaintiffs received a second Notice of Default, dated September 2, 2011. Defendants foreclosed on the Property during a foreclosure sale on February 15, 2012, allegedly in breach of the mediation agreement.

### B. Procedural History

Plaintiffs commenced an action in the Second Judicial District Court of the State of Nevada against BANA, ReconTrust, and BNY and Defendants timely removed the action. (Dkt. no. 1-1.) Plaintiffs bring three causes of action: (1) breach of contract; (2) fraud; and (3) bad faith denial of contract existence. (Dkt. no. 1-1.)  All three claims are based on Defendants' actions during and following the mediation. Defendants seek dismissal based on lack of subject matter jurisdiction and based on the merits.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

1  "a short and plain statement of the claim showing that the pleader is entitled to relief."
2  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While
3  Rule 8 does not require detailed factual allegations, it demands more than "labels and
4  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*
5  *Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
6  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550
7  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient
8  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
9  678 (internal citation omitted).

10  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
11  apply when considering motions to dismiss. First, a district court must accept as true all
12  well-pled factual allegations in the complaint; however, legal conclusions are not entitled
13  to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,
14  supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district
15  court must consider whether the factual allegations in the complaint allege a plausible
16  claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
17  alleges facts that allow a court to draw a reasonable inference that the defendant is
18  liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the
19  court to infer more than the mere possibility of misconduct, the complaint has "alleged –
20  but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks
21  omitted). When the claims in a complaint have not crossed the line from conceivable to
22  plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

23  A complaint must contain either direct or inferential allegations concerning "all the
24  material elements necessary to sustain recovery under *some* viable legal theory."
25  *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,
26  1106 (7th Cir. 1989) (emphasis in original)).
27  ///
28  ///

## IV. DISCUSSION

### A. Jurisdiction

Defendants first argue that this Court lacks jurisdiction to hear the case because Plaintiffs failed to file a timely petition for judicial review following the alleged breach of the mediation agreement. It is undisputed that the Mediator's Statement was issued in June 2010, but this action was not commenced until September 2012.

Nevada allows borrowers the option to enter into the Nevada Foreclosure Mediation Program in order to avoid foreclosure. NRS § 107.086. Once a notice of default is issued, a trustee must send a form providing the borrower with the option of mediation. NRS § 107.082(2)(a). The Nevada Supreme Court has issued rules that govern foreclosure mediation, the Foreclosure Mediation Rules, pursuant to the legislature's directive. NRS § 107.086(8). While the rules have been modified since, the 2009 Foreclosure Mediation Rules ("the 2009 FMR") govern this dispute.

The 2009 FMR provide limited mechanisms by which parties may seek judicial review of the mediation. Rule 21 states that:

> A party to the mediation may file a petition for judicial review with the district court in the county where the notice of default was properly recorded. A hearing shall be held, to the extent that the court deems necessary, for the limited purposes of determining bad faith, enforcing agreements made between the parties within the Program, including temporary agreements, and determining appropriate sanctions pursuant to NRS Chapter 107 as amended.

The time period for seeking relief is also extremely restricted. Rule 21 requires that a petition for judicial review must be filed within 30 days of the date that the petitioning party received the Mediator's Statement.[1]

///

---

[1] The 2013 FMR version of Rule 21 provides for the 30 day period to be triggered from either the date that the party received the notification of the issuance or non-issuance of a certificate or, if a temporary agreement is reached and either party fails to fulfill the obligations, the expiration date of the temporary modification agreement or date of the breach.

4

This Court holds that a petition for judicial review, as defined by the 2009 FMR, is not the exclusive remedy available to parties seeking to enforce an agreement reached during mediation. First, the plain language of the Rules does not support a reading that such a petition is the exclusive remedy available to redress a breached mediation agreement. Rule 21 states that "[a] party to the mediation *may* file a petition for judicial review with the district court in the county where the notice of default was properly recorded." (emphasis added.) The unpublished Nevada Supreme Court decision that Defendants cite in support of their argument that a petition for judicial review under Rule 21 is Plaintiffs' sole remedy, *Surgeoner-Jernigan v. Cititmortgage*, 2012 WL 5857293 at *1 (Nov. 16, 2012 Nev.), is distinguishable on a number of grounds. *Surgeoner-Jernigan* addressed the question of whether the conduct at a previous mediation could be considered in the petition for review arising from a second mediation. In this case, the Court is deciding whether a court can consider claims that could not have been raised in a petition for review under the 2009 Foreclosure Mediation Rules.

Second, a contrary holding would create an unusually unfair result and undermine the lofty purposes of the Foreclosure Mediation Program. While Rule 21 facially allows parties to pursue judicial review to enforce an agreement, it provides no remedy if a party breaches the agreement more than 30 days after receiving the Mediator's Statement. If a petition for judicial review were the only remedy for a breach of a mediation agreement, not only would many harmed parties be left without a remedy, but the mediation program itself would be severely undermined. An offending lender could simply wait 30 days after reaching a mediation settlement to violate the agreement, thus escaping accountability for its breach. Perhaps recognizing this unfair result, the revised rules, effective January 1, 2013, added, among other changes, a provision allowing parties to file a petition for judicial review within 30 days of the alleged breach of the agreement, even if the breach occurred more than 30 days after receiving the Mediator's Statement.

The Court thus denies dismissal based on subject matter jurisdiction.

### B.    Failure to State a Claim

The Court next addresses Defendants' other ground for seeking dismissal on the merits.

#### 1.    Breach of Contract

Plaintiffs allege in their Complaint that during the mediation the parties entered into a settlement agreement, which Defendant subsequently breached. Defendants contend that no enforcement agreement existed to support Plaintiffs' claim.

"A plaintiff in a breach of contract action must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) (citations and quotation marks omitted). Plaintiffs have pled all the essential elements of this claim.

First, Plaintiffs allege that the parties entered into a settlement agreement at the mediation. The fact that the one-page Mediation Agreement states, as Defendants point out, that it is not a formal contract does not preclude the parties from having entered an enforceable oral agreement during mediation. Second, Plaintiffs allege that Defendants breached this agreement when they issued the second Notice of Default/Election to Sell under Deed of Trust, dated September 2, 2011. (Dkt. no. 1-1 at 9.) That Plaintiffs viewed the Notice of Default as a breach is evidenced by the fact that "[u]pon receiving this Notice, plaintiff Rainey Day Addington wrote to defendant ReconTrust, apprising it that plaintiffs had already entered into a settlement agreement concerning the Promissory Note which plaintiffs had owed to defendant BNY Mellon." Plaintiff Rainey Day Addington sent the letter to ReconTrust on September 19, 2011, and also sent a copy to the Foreclosure Mediation Program Administrator. (*Id.* at 10.) Plaintiffs allege that Defendants further breached by failing to: (1) pay the $1,500 amount they had agreed upon; (2) prepare a deed in lieu of foreclosure; (3) accept a deed in lieu of foreclosure; and (4) record the Promissory Note as being fully paid. (*Id.* at 7–8.) Finally, Plaintiffs describe the damage caused by the breach, particularly the damage to their credit

history and inability to secure another loan as a result. (Dkt. no. 1-1 at 12–13.) Plaintiffs have therefore alleged all three essential elements of a breach of contract claim.

Defendants argue, however, that even if the Court finds that Plaintiffs have sufficiently pled a breach of contract claim, the Statute of Frauds bars the contract's enforcement. The Nevada Statute of Frauds states that:

> No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by the party's lawful agent thereunto authorized in writing.

NRS 111.205(1). However, the Statute of Frauds is not a bar to proceeding at this stage.

First, Defendants improperly raised their Statute of Frauds defense for the first time in their Reply. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are generally considered waived."). Defendants contend that this argument was in response to Plaintiffs' assertion in their opposition brief that the alleged agreement was oral. (*See* dkt. no. 12 at 4 n.3.) While Plaintiffs did not explicitly state in their Complaint that the contract at issue is oral, Plaintiffs did allege very specific contractual terms, and it is clear that the one-page Mediation Agreement did not enumerate these terms. It therefore is unreasonable for Defendants to assume that Plaintiffs were alleging the contract was written and inexcusable that Defendants failed to raise their Statute of Frauds claim until their Reply.

Even if the Court considers Defendants' Statute of Frauds argument, the alleged contract at issue here may fall within the Statute's exceptions. There is a long-recognized exception to the Statute of Frauds for parties who have demonstrated partial performance. *See Whitney v. Hay*, 181 U.S. 77 (1901) ("[P]art performance removes the bar of the statute, on the ground that it is a fraud for the vendor to insist on the absence of a written instrument, when he had permitted the contract to be partly executed.") (citations and quotation marks omitted). Plaintiffs claimed at oral argument that they

7

vacated the Property a few days after the mediation in fulfillment of their contractual requirements. While Defendants asserted that Plaintiffs had already intended to move, this is a factual dispute not properly resolved on a motion to dismiss.

### 2.   Fraud

Plaintiffs' fraud claim must be pled with particularity. "Under Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party state with particularity the circumstances constituting fraud." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012) (*quoting* Fed. R. Civ. P. 9(b)). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (citations omitted). Accordingly, "the complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id.* (citations omitted).

The elements of fraud are "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) [that] defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

The Complaint does not allege fraud with sufficient particularity. Plaintiffs have alleged no facts suggesting that Defendants knew at the time of the agreement that they would fail to fulfill their obligations. Their statements in the Complaint regarding telephone conversations between Rainey Day Addington and representatives of BANA in which the representatives indicated no knowledge of the mediation agreement (dkt no. 1-1 at 10–13) is not specific evidence that Defendants knew its representations in the mediation were false. Plaintiffs' fraud claim is therefore dismissed.

### C. Bad Faith Denial of Contract Existence

Plaintiffs' third claim for relief is not sufficiently plead. They assert in their Complaint that "Defendants' denial of the existence of a settlement and contract was to avoid all liability on plaintiffs' meritorious contact claim and was a stonewall position adopted without probable cause and with no belief in the nonexistence of the settlement and contract as a defense . . . ." (Dkt. no. 1-1 at 14.) Plaintiffs have failed to state a valid claim for relief under Nevada law or plead adequate supporting facts. In their opposition brief, Plaintiffs attempt to repackage this allegation as a tort claim for violation of the implied covenant of good faith and fair dealing. (Dkt. no. 7 at 10.) This latter claim was not sufficiently pled in the Complaint, nor supported by evidence. Plaintiffs' third claim is dismissed.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (dkt. no. 5) is GRANTED in part and DENIED in part. Dismissal of Plaintiffs' second and third claims is without prejudice.

DATED THIS 6th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE