UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DOUGLAS N. ADDINGTON and RAINEY DAY ADDINGTON, | Case No. 3:12-cv-00548-MMD-WGC |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Plfs.' Motion for Reconsideration – dkt. no. 17) |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

**I.  SUMMARY**

Before the Court is Plaintiffs Douglas N. Addington and Rainey Day Addington's Motion for Reconsideration. (Dkt. no. 17.) For the reasons described below, the Motion is denied.

**II.  BACKGROUND**

The relevant facts are set forth in the Court's previous Order upon which Plaintiffs now seek relief. (Dkt. no. 16.) In that Order, the Court denied Defendants' Motion to Dismiss in part and granted it in part. Plaintiffs ask this Court to reconsider its decision to dismiss Plaintiffs' fraud claim without prejudice. Plaintiffs have not sought to amend their Complaint.

**III.  LEGAL STANDARD**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J,*

*Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## IV.  DISCUSSION

Plaintiffs make two primary arguments in their Motion. First, Plaintiffs claim that the Court did not correctly apply the pleading standard for fraud claims under Rule 9(b). While Plaintiffs are correct that under Rule 9(b) intent can be generally averred, it is not sufficient to simply recite the elements of a fraud claim without connecting it to any supportive facts, as Plaintiffs did in this case. Rule 9 "does not give [them] license to evade the less rigid — though still operative — strictures of Rule 8. And Rule 8 does not empower [Plaintiffs] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect [their] complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009) (citation omitted). Plaintiffs must still allege plausible facts to support each element of their fraud claim.

Second, Plaintiffs argue that contrary to the Court's Order they did provide evidence of fraud and that the Court failed to address one important fact in its order. They state that the Court did not reference the fact that Plaintiffs had a conversation with an unidentified Bank of America representative on November 15, 2011, who informed Plaintiffs that Bank of America did not offer the type of program Plaintiffs claim to have been promised in their settlement. (*See* dkt. no. 17 at 3-4.) This conversation occurred approximately 17 months after Plaintiffs argue the parties entered into a settlement agreement. (*See id.*) Although Plaintiffs provided this fact under their breach of contract claim and Plaintiffs did not explicitly connect it to their fraud claim, the Court still considered it in its assessment of Plaintiffs' fraud claim and determined that this conversation, on its own, was not evidence of fraud sufficient to meet the pleading standard. A motion for reconsideration is not an opportunity for a plaintiff to simply disagree with the Court's interpretation of information already before it.

///
///
///
///

## V. CONCLUSION

It is therefore ordered that Plaintiffs' Motion for Reconsideration (dkt. no. 17) is denied.

DATED THIS 31st day of October 2013.

                                              MIRANDA M. DU
                                              UNITED STATES DISTRICT JUDGE